UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIRCUIT

FILED
OCT - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In Re:

Mr. Darnell Stanley - Pro-se
No. 08619-007
F.C.I. Allenwood
P.O. box 2000
White Deer, Pa  17887

        Petitioner,

v.

KAREN F. HOGSTEN, Warden
NANCY GOLDY
R. ENDERS
J. ZIELINSKI
F.C.I. ALLENWOOD
P.O. BOX 2500
WHITE DEER, PA  17887

        Respondent.

CASE NUMBER   1:06CV01728

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 10/06/2006

RECEIVED
SEP 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PETITION FOR A WRIT OF MANDAMUS

Comes now, Petitioner Darnell Stanley, Pro-se and respectfully petition this court Pursuant to Rule 21. In conjunction with 28 USCS § 1651 (a) and 28 USCS § 1361, and 28 U.S.C. § 1331, hereby petition this court for issuance of a Writ of Mandamus, Directing the respondents Karen F. Hogsten, Nancy Goldy and R. Enders all who have the ability to provide the Petitioner with the necessary legal material for use inside the Legal Law Library for all the District of Columbia Prisoners housed at the F.C.I. Allenwood Facility.

The requested material is a copy of the District of Columbia official Code 2001 Edition for the District of Columbia Superior Court - Criminal Procedure Court "Rules" [Preliminary Proceeding.

( 1 )

In support of the Mandamus petition, Petitioner states the following.

## OVERVIEW OF THE CASE

Petitioner, Darnell Stanley filed a Pro-se application for a Writ of habeas Corpus pursuant to 28 U.S.C. § 2241 the court dismissed the case for lack of Jurisdiction in case No. 05-1371 filed July 11. 2005 in the District of Columbia.

Petitioner, appealed and sought a request for a Certificate of appealability which was denied pursuant to 28 U.C.S. § 2253 (c). Stating that the appellant had not made a "Substantial showing of the denial of a Constitutional right." Order dated June 13, 2006. In the United States Court of Appeals for the District of Columbia No. 05-5286.

Petitioner, now seeks review before the Supreme Court of the United States thru a Petition for Writ of Certiorari due September 13, 2006.

## RELIEF SOUGHT

a.) Accept jurisdiction over this case.

b.) Require the respondents to answer the allegations in the Writ of Mandamus.

c.) Hold such evidentiary hearing the court may deem necessary or appropriate.

d.) Issue an order that this court will Grant the Writ of Mandamus.

e.) Issue an order that the respondents provide the Petitioner as well as all District of Columbia State Prisoners the same opportunity that the Federal Prisoners have to challenge thier crim-

(2)

inal convictions by providing a copy of the District of Columbia Official Code 2001 Edition for the [Superior Court - Criminal Procedure Court] "Rules" Preliminary Proceedings to include Rule 3. The Complaint. Rule 4. Arrest Warrant upon Complaint and Rule 5. Initial Proceedings before the Court.

## THE ISSUE PRESENTED

1. WHETHER FEDERAL PRISON OFFICIALS ARE REQUIRED TO PROVIDE PETITIONER WITH NECESSARY LEGAL MATERIALS.

2. WHETHER FEDERAL PRISON SYSTEM ARE " FEDERAL AGENCY" AS PURSUANT TO 28 U.S.C.S § 1361 AND THEREOF TO PERFORM A DUTY OWED TO THE PETITIONER AND ALL SIMULARLY D.C. CODE OFFENDERS HOUSED IN FEDERAL PRISONS TO PROVIDE ADEQUATE LEGAL MATERIAL FOR ACCESS TO THE COURT PURSUANT TO D.C. CODE § 24-101 (b) FELONS SENTENCED PURSUANT TO D.C. OFFICIAL CODE.

## HISTORICAL BACKGROUND

1. Petitioner, Darnell Stanley is a District of Columbia State Code offender presently being housed in a Federal Bureau of Prisons Pursuant to a Contract Between the District of Columbia and the Federal Bureau of Prisons Pursuant to D.C. Code § 24-101. (b).

2. On or about December 31, 2001 pursuant to D.C. Code § 24-101. **BUREAU OF PRISONS.** Which States:

(b) Felons sentenced pursuant to the D.C. Official Code. - Notwithstanding any other provision of law, not later than December 31, 2001, the Lorton Correctional Complex shall be closed and the felony population sentenced pursuant to the District of Columbia Official Code residing at the Lorton Correctional Complex shall be transferred to a penal or Correctional facility operated or contracted for by the Bureau of Prisons. Such persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the Sentence, imposed, and the Bureau of Prisons shall be responsible for the custody, care, subsistence, education, treatment and training of such persons.

See, also <u>INTERSTATE CORRECTIONS COMPACT</u>:   Which States:

Pursuant to D.C. Code 24-1001.

   The Mayor is authorized to enter into and excute on behalf of the District of Columbia a compact with any state or states legally joining in the compact in the form substantially as follows:

 The party states, desiring  by common action to fully utilize and improve thier institutinal facilities and provide adequate programs for the confinement, treatment, and rehabilitation of various types of offenders, declare that it is the policy of each of the party states to provide facilities and programs on a basis of cooperation with one another and with the federal government, thereby serving the best interest of offenders and society, and effecting economies in capital expenditures and operational costs. The purpose of this compact is to provide for the mutual developement and execution of programs of cooperation for the confinement, treatment, and rehabilitation of offenders with the most economical use of human and material resources.   <u>ARTICLE I.</u>, <u>ARTICLE II (a)(b)(c)(d)(e)</u>

ARTICLE IV

(c) Inmates confined in an istitution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state and may at any time be removed from the receiving state for transfere to a prison or other institution within the sending state, for transfere to another institution with which the sending state may have a contractual or other right to confine inmates, for release on probation or parole, for discharge, or for any other purpose permitted by the laws of the sending state; provided, that the sending state shall continue to be obligated to payments as may be required pursuant to the terms of any contract entered into under the terms of Article III.

(e). All inmates confined in an institution pursuant to the provisions of this compact shall be treated in a reasonable and humane manner and shall be treated equally with similar inmates of the receiving state shall not deprive any inmate so confined of any legal rights which the inmate would have had if confined in an appropriate institution of the sending State.

(h). Any inmate confined pursuant to the terms of this compact shall have all rights to participate in and derive any benifits or incure or be relieved of any obligations or have obligations modified or a change in status on account of any action or proceeding in which he or she could have participated if confined in any appropriate institution of the sending state located within the sending state.

Petitioner, States and contend that he is presently attempting to perfect and file a Petition for Writ of Certiorari to the United States Supreme Court for numerous Constitutional issues several of which are involving the Superior Court for the District of Columbia Court Criminal Procedure Court Rules which fall under Rule 3. The Complaint. Rule 4. Arrest Warrant upon Complaint. and Rule 5. Initial Proceedings before the Court. All of the above are PRELIMINARY PROCEEDINGS and deal with Probable Cause and are Constitutional issues of the Fourth Amendment right to no Warrants shall be issued, but upon Probable Cause and the Fifth Amendmant Right not to be deprived of life, Liberty, without due process of law and the Fourteenth Amendment right not to be deprived of life, liberty, or property, without due process of laws.

Petitioner, informed the respondents that he was preparing a Petition for Writ of Certiorari and that the main book to the set of D.C. Official Code the Superior Court - Criminal Procedure, which contain the following:

1. APPEALS FROM JUDGEMENTS AND ORDERS OF THE SUPERIOR COURT.
2. REVIEW OF ORDERS OF ADMINISTRATIVE AGENCIES.

3. TITLE IV. EXTRAORDINARY WRITS.
4. TITLE V. PROCEEDINGS IN FORMA PAUPERIS.
5. TITLE VI. GENERAL PROVISIONS
6. APPENDIX OF FORMS.

Volume one of this collection of the old volume which was District of Columbia Court Rules Annotated (2000 Edition) Volume One Court Reporter Rules to Superior Court - Representation to Indigents and contained the Superior Court Rules of Criminal Procedure Page (681-863) it also included the Rules of the District of Columbia Court of Appeals, District of Columbia Bar Rules and Rules of Professional Conduct, Superior Court Civil Procedure and Representation to Indigents Under the District of Columbia Criminal Justice Act.

Petitioner, states that this particular book is mandatory to litigate Due Process issues and Probable Cause issues and are Constitutional Violations which I have a right to challenge in a Petition for Certiorari to the United States Supreme Court.

On 8/14/06 petitioner became aware that he had several Constitutional issues dealing with the above mentioned Superior Court Rules and Procedures and requested from the Law Library Staf members Mr. Enders and Ms. Goldy that there was no District of Columbia Court Rules for the New 2001 Edition Volume, and that this Particular book was one of the most important books to this volume because it explained the Courts rules of Procedure and recent case law on the subject matter. See. Attached (request Slips) Exhibit (a)(b).
Which states:  We are not required to have this publication in the law library. You can purchase your own Copy through the West Publishing, or from the Senate Printing and Document Service Posted in the law Library.

## LEGAL ARGUMENT

Pursuant to 28 U.S.C.S. § 1361.

The District courts shall have original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff.

Petitioner, herein raises a Constitutional Claim regarding the denial by the Respondents of the direct denial of access to the Courts. In 1977, the Supreme Court held in Bounds v. Smith, 430 U.S. 817 (1977), that Prisoners have a fundamental constitutional right of access to the courts. This right of access requires Prison authorities to help Prisoners Prepare and file meaningful legal papers. The fundamental constitutional right of access to the courts held to require prison authorities to assist inmates in the preparation and filing of meaninful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law, Younger v. Gilmore 404 U.S. 15,30 L.Ed 2d 142,92 S.Ct 250 (1971).

Petitioner, states and contend that he is a District of Columbia transfere prisoner convicted in the Superior Court and is presently being housed under contract to the Federal Bureau of Prisons and being denied the opportunity to litigate his state conviction adequately by the respondents denial to provide him with District of Columbia law which infringes on his right to self representation secured by Faretta v. California, 422 U.S. 806,807, 95 S.Ct. 2525, 2527,45 L.Ed 2d 562 (1975); Corgain v. Miller,708 F.2d 1241 (1983); Cruz v. Hauck, 627 F. 2d 710 (1980); Johnson v. Moore, 948 F. 517 (9th Cir. 1991)

Tuggle v. Barksdale, 641 F. Supp. 34 (W.D. Tenn. 1985); Ramos v. Lamm, 639 F.2d 559 (1980).

According to the Supreme court, the extraordinary remedy of mandamus under 28 U.S.C. 1361 will issue only to compel the performance of a 'clear nondiscretionary duty." Pittston Coal Group v. Sebben, 488 U.S. 105,121,109 S.Ct. 414,424, 102 L.Ed 2d 408,425 (1988)(quoting Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed 2d 622 (1984). The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ. See Glenmede Trust Co. v. Thompson, 56 F. 3d 476, 482 (3d Cir. 1995).

The Petitioner asserts that he has a constitutional right to the material he requests which consists of the District of Columbia Court Criminal Procedure Court Rules which consist of Rule 3. **The Complaint.** **Rule 4 Arrest Warrant upon Complaint.** and **Rule 5. Initial Proceeding before the Court.** Petitioner contends that this same book of Federal Rules of Criminal and Civil Procedure is required for federal inmates Petitioner should be afforded the same opportutities and being denied these materials as a pro-se petitioner at this statge prevents the Petitioner from addressing the potential legal arguments that could allow him to obtain a possible vacation of his sentence. See, Lewis v. Casey, 518 U.S. 343, 349-355, 116 S.Ct. 2174, 2179-2182, 135 L.Ed 2d 606.616-620 (1996); Mitchell v. United States, 419 F. Supp 2d 709 (W.D. Pa. 2005).

( 8 )

## THE REASON WHY THE WRIT
## SHOULD BE ISSUED

**For,** the following reasons the writ of Mandamus should be issued In the Intrest of justice because the petitioner has a constitutional right to the materials he requests. The material is mandatory to adequatly litigate his issues concerning the District of Columbia Rules of Criminal Procedure which are different from the Federal Rules. In order for the petitioner to address the legal arguments that could allow him to obtain a possible vacation and argue his actual Innocence and obtain vacation of his sentence furthermore the material requested consist of Statute, Rules, and accompanying annotations and rules addressing the legal vehicle by which he is able to file a motion to vacate sentence thru his attempt as Certiorari which is due September 13, 2006.

**Wherefore,** Petitioner respectfully request that the court Grant this Writ of Mandamus in the Intrest of Justice in accord with <u>Mitchell</u> v. <u>United States</u>, 419 F. Supp. 2d 709 (W.D. Pa. 2005).

Date  8/28/06

Respectfully Submitted

Mr. Darnell Stanley
No. 08619-007
F.C.I. Allenwood
P.O. Box 2000
White Deer, Pa  17887

( 9 )

## CERTIFICATE OF SERVICE

I, Darnell Stanley certify that I have pursuant to Rule 21. (a)(b) Writs of Mandamus (c) filed an original and (4) four copies to the court and one copy each to the respondents (Karen F. Hogsten, Nancy Goldy and R. Enders via the institutional mail each a copy of a Petition for a Writ of Mandamus on this 28th day of August, 2006.

I decalre under the penalty of Perjury that the above is true and correct pursuant to 28 U.S.C. 1746.

Name _Mr. Darnell Stanley_
Darnell Stanley
No. 08619-007
F.C.I. Allenwoood
P.O. Box 2000
White Deer, Pa 17887

Date  8/ 28/06

( 10 )

EXHIBIT - (A)    - Request slip from
                   Mr. Enders


EXHIBIT - (B)    - Request slip from
                   Ms. Goldy


EXHIBIT - (c)    - MEMORANDUM and ORDER
                   AND ORDER FROM THE
                   COURT OF APPEALS


EXHIBIT - (D)    - - MAIN LAW LIBRARY UPDATE
                   ON RECENT DISTRICT OF
                   COLUMBIA D.C. CODE 2001
                   EDITION (Thomas - West)
                              Group

BP-A148.055
SEP 98

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

**INMATE REQUEST TO STAFF**

| TO: (Name and Title of Staff Member) Mr. Enders | DATE: 8/14/06 |
|---|---|
| FROM: Darnell Stanley | REGISTER NO.: 08619-007 |
| WORK ASSIGNMENT: P.M. Compound | UNIT: 3-B-112 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

There is no District of Columbia Court Rules 2001 Edition Volume (1) Court Reporters Rules Superior Court - Representation To Indigents

This Particular book is not on the library inventory sheet and appears to not have been included in the Volume.

Requested Relief: That the above mentioned book be Provided with the other volumes.

(Do not write below this line)

DISPOSITION:

This book is not required by the B.O.P. to be in the inmate law library. You can purchase it on your own or write to the Lewisburg Prison Project for so help. Their address is in the law library.

Signature Staff Member
R. Enders

Date 8/22/2006

06 1728

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**FILED**

OCT - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 1 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Darnell Stanley, )
)
Petitioner, )
)
v. ) Civil Action No. 05 1371
)
Troy Williamson , Warden, )
)
Respondent. )

MEMORANDUM

This matter is before the Court on petitioner's application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner seeks to challenge his judgment of conviction entered by the Superior Court of the District of Columbia following a jury trial. He alleges a number of errors and claims that his counsel was ineffective. Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). It is established that claims arising from a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of




Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted).

Petitioner was unsuccessful in his § 23-110 proceedings in the local courts and in seeking review by the United States Supreme Court via a writ of certiorari. *See* Petition at 4-6. This treatment, however, does not in itself render the local remedy inadequate or ineffective. *See Garris v. Lindsay*, 794 F.2d at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases). Absent any basis to find the local remedy inadequate, this Court lacks authority to entertain the petition. A separate Order of dismissal accompanies this Memorandum.

/s/ Ricardo M. Urbina
United States District Judge

Date: 6/20/2005

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 1 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Darnell Stanley,              )
                              )
        Petitioner,           )
                              )
v.                            )    Civil Action No.  05 1371
                              )
Troy Williamson, Warden,      )
                              )
        Respondent.           )

ORDER

For the reasons stated in the accompanying Memorandum, it is this 29th day of _July_ 2005,

ORDERED that petitioner's application to proceed *in forma pauperis* [# 2] is GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED without prejudice for lack of jurisdiction. This is a final appealable Order.



United States District Judge



# United States Court of Appeals
## For The District of Columbia Circuit

| | |
|---|---|
| **No. 05-5286** | **September Term, 2005** |
| | 05cv01371 |

Filed On:

Darnell Stanley,
       Appellant

v.

Troy Williamson, Warden,
       Appellee



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  JUN 1 3 2006

CLERK

**BEFORE:**   Ginsburg, Chief Judge, and Garland and Brown, Circuit Judges

### ORDER

Upon consideration of the notice of appeal, which the court construes as a request for a certificate of appealability, the motion for leave to proceed in forma pauperis, and appellant's brief, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be granted. It is

**FURTHER ORDERED** that the request for a certificate of appealability be denied. See 28 U.S.C. § 2253(c). Because appellant has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability is warranted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Appellant may not challenge his District of Columbia conviction in federal court unless his remedy under D.C. Code § 23-110(g) is inadequate or ineffective to test the legality of his detention. See, e.g., Blair-Bey v. Quick, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998). The § 23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied. See Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. Because no certificate of appealability has been allowed, no mandate will issue.

Per Curiam



# MAIN LAW LIBRARY
December 2005
(Recent Updates are Highlighted in Bold Print)

| | DISTRICT OF COLUMBIA CODE 2001 Edition (Annotated) (Thomson - West Group) | | |
|---|---|---|---|
| Book | Title | Copyright | Pocket Part |
| 1 | History of D. C. Code, etc. Division I. Government of District Titles 1 through 10 | 2001 | |
| 2 | (1-101 to 1-636.03) Government Organization | 2001 | |
| 3 | (1-701 to 1-1405 and Chapter 15 Reorganization Since Home Rule/end) Government Organization | 2001 | |
| 4 | (2-101 to 2-562/end) Government Administration | 2001 | |
| 4 | (2-601 to 2-1912/end) Government Administration | 2001 | |
| 4 | (3-101 to 3-3721/end) District of Columbia Boards and Commission | 2001 | |
| 5 | (4-101 to 4-1424/end) Public Care Systems | 2001 | |
| 5 | (5-101 to 5-1417/end) Police, Firefighters, and Chief Medical Officer | 2001 | |
| 6 | (6-101.01 to 6-1506/end) Housing and Building Restrictions and Regulations | 2001 | |
| 6 | (7-101 to 7-3015/end) Human Health Care and Safety | 2001 | |
| 7 | (8-101.01 to 8-2205/end) Environmental and Animal Control and Protection | 2001 | |
| 7 | (9-101.01 - 9-1219.41/end) Transportation Systems | 2001 | |
| 7 | (10-101 to 10-1404/end) Parks, Public Buildings, Grounds and Space Division II. Judiciary and Judicial Procedures Titles 11 through 17 | 2001 | |
| 8 | (11-101 to 11-2609/end) Organization and Jurisdiction of the Courts | 2001 | |
| 8 | (12-101 to 12-311/end) Right to Remedy | 2001 | |
| 8 | (13-101 to 13-1702/end) Procedure Generally | 2001 | |

# MAIN LAW LIBRARY
December 2005
**(Recent Updates are Highlighted in Bold Print)**

| | | | |
|---|---|---|---|
| 8 | (14-101-14-702/end) Proof | 2001 | |
| 8 | (15-101 to 15.914/end) Judgements and Executions; Fees and Costs | 2001 | |
| 9 | (16-101 to 16-5008/end) Particular Actions Proceedings and Matters | 2001 | |
| 10 | (17-101 to 17-307/end) Review | 2001 | |
| 10 | (Division III.. Decedent Estates and Fiduciary Relations Titles 18 through 21 | 2001 | |
| 10 | (18-101 to 18-514/end) Wills | 2001 | |
| 10 | (19-101 to 19-701/end) Descent and Distribution | 2001 | |
| 10 | (20-101 to 20-1305/end) Probate Administration of Descendants' Estates | | |
| 10 | (21-101 to 21-2213/end) Fiduciary Relations and the Mentally Ill<br>Division IV. Criminal Law and Procedures and Prisoners<br>Title 22 through 24 | 2001 | |
| 11 | (22-101 to 22-3252) Criminal Offenses and Penalties Chapters 1 to 32 | 2001 | |
| 12 | (22-3301 to 22-5215/end) Criminal Offenses and Penalties Chapters 33 to End. | 2001 | |
| 12 | (23-101 to 23-1705/end) Criminal Procedure | 2001 | |
| 12 | (24-101 to 24-1203/end) Prisoners and Their Treatment<br>Division V. Local Business Affairs<br>Title 25 through 37 | 2001 | |
| 13 | (25-101 to 25-1009/end) Alcoholic Beverages Regulation | 2001 | |
| 13 | (26-101 to 26-1352/end) Banks and Other Financial Institutions | 2001 | |
| 13 | (27-101 to 27-106/end) Civil Recovery by Merchants for Criminal Conduct | 2001 | |
| 13 | (28-101 to 28:3-605) Commercial Instruments and Transaction Subtitle I, Articles 1-3) | 2001 | |

**MAIN LAW LIBRARY**
December 2005
(Recent Updates are Highlighted in Bold Print)

| | | | |
|---|---|---|---|
| 14 | (28:4-101 to 28:11-108) Commercial Instruments and Transactions Subtitle I, Articles 4 to End (of Title 11 and Subtitle I) | 2001 | |
| 15 | (28-2101 to 28-4712/End of Title 28) Commercial Instruments and Transactions Subtitle II | 2001 | |
| 15 | (29-191 to 29-1128/end) Corporations | 2001 | |
| 15 | (30-101 to 30-103/end) Hotels and Lodging Houses | 2001 | |
| 15 | (31-101 to 31-915) Insurance and Securities Chapters 1 to 9 | 2001 | |
| 16 | (31-1001 to 31-6209/end) Insurance and Securities Chapters 10 to end | 2001 | |
| 17 | (32-101 to 32-1613/end) Labor | 2001 | |
| 17 | (33-101 to 33-529/end) Partnerships | 2001 | |
| 17 | (34-101 to 34-2504/end) Public Utilities | 2001 | |
| 18 | (35-101 to 25-408/end) Railroads and Other Carriers | 2001 | |
| 18 | (36-101 to 26-410/end) Trade Practices | 2001 | |
| 18 | (37-101 to 37-305.02/end) Weights, Measures and Markets Division VI. Education, Libraries, and Cultural Institutions Title 38 through Title 39 | 2001 | |
| 18 | (38-101 to 38-3101/end) Educational Institutions | 2001 | |
| 18 | (39-101 to 39-309/end) Libraries and Cultural Institutions Division II, Property Title 40 through 42 | 2001 | |
| 18 | (40-101 to 40-307.03/end) Liens | 2001 | |
| 18 | (41-101 to 41-204/end) Personal Property | 2001 | |
| 19 | (42-101 to 42-4097/end) Real Property Division II, General Laws Title 43 though Title 51 | 2001 | |
| 20 | **(43-101 to 43-131/end) Cemeteries and Crematories** | **2005** | |
| 20 | **(44-101 to 44-2114/end) Charitable and Curative Institutions** | **2005** | |

## MAIN LAW LIBRARY
December 2005
(Recent Updates are Highlighted in Bold Print)

| | | |
|---|---|---|
| 20 | (45-101 to 45-607/end) Compilation and Construction of Code | 2005 |
| 20 | (46-101 to 46-726/end) Domestic Relations | 2005 |
| 21 | (47-101 to 47-1817.08) Taxation, Licensing, Permits, Assessments, and Fees Chapters 1 to 18 | 2005 |
| 21A | (47-1901 to 47-4604/end) Taxation, Licensing, Permits, Assessments and Fees Chapters 19 to End. | 2005 |
| 22 | (48-101 to 48-1121/end) Food and Drugs | 2001 |
| 22 | (49-101 to 49-906/end) Military | 2001 |
| 22 | (50-101 to 50-2641) Motor and Non-Motor Vehicles and Traffic | 2001 |
| 22 | (51-101 to 51-151/end) Social Security | 2001 |
| 23 | Tables Volumes | 2001 |
| 23 | General Index | 2002 |
| | **District of Columbia Official Code 2001 Ed. (Annotated) (Subscription began December 2003), (Thomson - West Group).** | |
| | **DC Code Pocket Parts - 2005** | |
| | **DC Code Pamphlet - October 2004** | |
| | **DC Code Pamphlet - March 2005** | |
| | **DC Code Pamphlet - October 2005** | |
| | **General Index Pamphlet - 2005** | |
| | **General Index Pocket Parts - 2005** | |