FILED
OCT - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARNELL STANLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No.   06 1728 |
| | ) |
| KAREN F. HOGSTEN, et al., | ) |
| | ) |
| Respondents. | ) |

### TRANSFER ORDER

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The application will be granted, but the case transferred to the United States District Court for the Eastern District of Pennsylvania for the following reasons.

Petitioner is an inmate at the Federal Correctional Institution-Allenwood in White Deer, Pennsylvania. He alleges the prison library has inadequate legal materials. As a result, he is being denied his constitutional right of access to the courts.

Under Title 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a plaintiff's forum choice, it need give

substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)(en banc).

Plaintiff's complaint states that the alleged events occurred in Pennsylvania. Thus, the possible witnesses in this case would likely be there. The case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes*, 512 F.2d at 932-33. The District of Columbia has no apparent connection to this case. *See Boers*, 133 F. Supp. 2d at 66. Therefore, in the interests of justice, it is

**ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania. Whether petitioner should be permitted to proceed *in forma pauperis* is a matter to be addressed by the transferee court.

/s/ Rosemary M. Collyer
United States District Judge

Dated: 12 Sept 2006